UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                                    Case No.  8:03-cr-77-T-30TBM

**SAMI AMIN AL-ARIAN,** *et al.*
_____

### ORDER

This cause came on for consideration upon a Motion for Leave to Intervene and Access to Completed Juror Questionnaires (Dkt. #970) filed by Media General Operations, Inc. (the "Tribune").  The Tribune is seeking access to the written questionnaires that were sent to and completed by approximately 445 out of the 500 prospective jurors in this case.  In accordance with this Court's determination that the jury in this case remain innominate, these questionnaires were filled out anonymously by members of the jury pool and only distributed to the parties.  A hearing on the Motion was held on May 19, 2005.  Both the Government and the Defendants submitted objections to the tribune's request at the hearing.

The public's right to judicial records is a common-law right that is "not absolute."  Nixon v. Warner Communications, Inc., 435 U.S. 589 (1978).  "Every court has supervisory power over its own records and files" and the decision of whether access to these documents should be provided is "left to the sound discretion of the trial court . . . exercised in light of the relevant facts and circumstances of the particular case."  Id.

According to the Tribune, these questionnaires "will offer a critical snap-shot of the attitudes, beliefs, and potential biases of a cross-section of the public, particularly those who

may be called upon to sit in judgment of these defendants and others charged with terrorism offenses." The value to the Tribune of obtaining juror questionnaires that it believes reflect the public's "general attitudes towards issues such as ethnicity, the war in Iraq, and the events of September 11, 2001" is not disputed.

The duty of this Court is to balance the Tribune's and the public's interest with that of the parties to determine whether the sought-after judicial records should be disclosed. See Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983). The Tribune's interest has already been satisfied, at least partially, by its attendance at the open hearing where the attorneys reviewed and argued each questionnaire while it was depicted on a screen in the courtroom. The Tribune was also present during the three days of voir dire. Unlike many of the cases relied on by the Tribune, these proceedings were conducted openly and the public had access to all of the answers the prospective jurors provided in response to the attorneys searching questions. This Court is concerned that the Tribune's pending request will undermine its previous decision to keep the jurors' identities protected, while only marginally advancing the articulated interests of the Tribune.

This Court has already explained in previous orders that maintaining an innominate jury is necessary to prevent the Defendants' Sixth Amendment rights to a fair trial from being endangered by the widespread publicity surrounding this case. The concerns of unfair prejudice existed during the development of the juror questionnaires, and, at the Defendants' request, an assurance to the prospective jurors' that their answers would remain confidential was inserted to elicit frank and honest responses from them. Although the completed juror

questionnaires do not identify the names, addresses, and telephone numbers of those persons who have now been selected to serve on the jury, the questionnaires are twenty-six pages long and reveal a significant amount of personal information that could ultimately lead diligent members of the public to the identities of the jurors. Moreover, in some cases prospective jurors listed the names of family members, employers, and other identifiable information such as social security numbers which would make discovery of their identity rather easy.

Under the facts and circumstances of this case, the Tribune's common-law right of access to these judicial records must be curtailed somewhat in light of the Defendants' superior constitutional rights to a fair trial. See Newman, 696 F.2d at 803. This curtailment, however, must not last in perpetuity because the benefits produced by not disclosing the completed juror questionnaires will diminish after the jury has rendered its verdict. In light of the legitimate value that judicial records such as these possess in the hands of the public, this Court finds that the dissemination of the completed juror questionnaires would be appropriate after the verdict has been returned.

It is therefore ORDERED and ADJUDGED that:

1. The Motion for Leave to Intervene and Access to Completed Juror Questionnaires (Dkt. #970) filed by Media General Operations, Inc. is **GRANTED**. However, the completed juror questionnaires shall not be distributed to the public until after the jury renders its verdict.

2. The Clerk is directed to **TERMINATE** Media General Operations, Inc. as a party in this case.

**DONE** and **ORDERED** in Tampa, Florida on May 27, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Odd\2003\AL-ARIAN\Motn Access Juror Questionnaire.wpd