UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                              Case No. 8:03-CR-77-T-30TBM

SAMI AMIN AL-ARIAN, *et al.*
_____/

## ORDER

THIS CAUSE comes before the Court upon Al-Arian's Motion for Judgment of Acquittal on Count Fifty-Three (Dkt. #1328) and the Government's Response thereto (Dkt. #1329). This motion presents a very close question of law on the issue of obstruction of justice: whether an affidavit that the affiant believes to be true, but the procurer knows to be false, can constitute obstruction of justice if it is obtained for use in a judicial proceeding. Having considered the motion and response, the Court determines that the Government's allegations are legally sufficient and, therefore, the motion should be denied

The Government has charged Al-Arian with obstruction of justice pursuant to the omnibus clause of 18 U.S.C. §1503. (Dkt. #636 at 153). The Government alleges that Al-Arian unduly influenced Ziad Abu-Amr into crafting and signing a false affidavit during Mazen Al-Najjar's immigration proceedings. (Dkt. #636 at 153). In addition, the Government contends that Al-Arian submitted the same allegedly false affidavit at his own detention hearing in this case with the express purpose of convincing the Court to grant his

pre-trial release. According to the Government, Al-Arian obstructed justice both by obtaining the affidavit and by causing it to be submitted as exculpatory evidence during his detention hearing.

Al-Arian argues that even if the facts alleged by the Government are true, they would not, as a matter of law, amount to obstruction of justice under the omnibus clause. Al-Arian maintains that submitting the affidavit at his detention hearing did not constitute obstruction because the affidavit was not false, i.e. the affiant, Ziad Abu-Amr, believed it to be true at the time he prepared it. Furthermore, Al-Arian asserts that an obstruction of justice charge based solely on an exculpatory affidavit submitted on his own behalf violates his Sixth Amendment right to present a defense and his Fifth Amendment right against self-incrimination.

## I. 18 U.S.C. §1503

In order to convict Al-Arian of obstruction of justice under the omnibus clause of 18 U.S.C. §1503, the Government must show that he corruptly endeavored to influence, obstruct, or impede the due administration of justice. See United States v. Silverman, 745 F.2d 1386, 1392 (11th Cir. 1984). The term "corruptly" requires only that the defendant act knowingly, willfully, or intentionally. United States v. Barfield, 999 F.2d 1520, 1525 (11th Cir. 1993). An "endeavor" is defined as any effort to accomplish the result proscribed by the statute. United States v. Brand, 775 F.2d 1460, 1465 (11th Cir. 1985). Finally, to constitute obstruction, the corrupt endeavor must be capable of preventing the due administration of justice. Id.

The Eleventh Circuit has held that attempting to influence an affiant does not constitute obstruction when the affidavit procured is objectively truthful. Id. at 1470. In Brand, the defendants crafted an affidavit and requested that the witness sign it. Id. at 1462. The witness refused because he did not believe the affidavit was truthful. Id. Instead, with the defendants' advice, the witness crafted and signed his own affidavit. Id. The final affidavit reflected events which the witness believed were truthful, but which tended to exculpate the defendants. Id. The original unsigned affidavit crafted by the defendants was never submitted in a judicial proceeding. Id. at 1467.

The Eleventh Circuit, in ruling that the defendants had not obstructed justice, emphasized that no false affidavit had ever actually been produced. Id. Although the defendants attempted to persuade the witness to sign an objectively false affidavit, the witness refused and offered a substitute affidavit which was objectively truthful. Id. at 1462. The defendants accepted the substitute affidavit without attempting to bribe or threaten the witness, influence his substitute affidavit, prevent him from testifying in court, or influence his testimony. Id. at 1469-70. The Eleventh Circuit reasoned that in the absence of any of these circumstances, the defendants' unsuccessful attempt to procure a witness statement reflecting their version of the truth did not satisfy the "endeavor" element of the §1503 omnibus clause. Id. at 1470. In overturning the defendants' obstruction convictions, the Eleventh Circuit specifically relied upon the non-existence of a false statement. Id. at 1469; see also United States v. Fields, 838 F.2d 1571, 1575 (11th Cir. 1988).

The Eleventh Circuit later refined its ruling in Brand by examining a defendant's intent in procuring a false statement. Fields, 838 F.2d at 1575. In Fields, defendant convinced his co-defendant to make a false sworn statement taking complete responsibility for the crime, thereby exculpating Fields. Id. at 1572. Fields' attorney provided the statement to co-defendant's counsel, who advised co-defendant that the statement could be used against him at trial.[1] Id. at 1573. Co-defendant's counsel then provided the false sworn statement to the prosecutor. Id. Fields argued that his actions did not amount to obstruction because he did not directly cause the false statement to be submitted to either the prosecutor or the court. Id. at 1575. However, the Eleventh Circuit found that Fields obstructed justice in procuring his co-defendant's false sworn statement, reasoning that because his intent at the time of procurement was to use the false statement to his benefit during a judicial proceeding, his actions were expressly different than the actions of the defendants in Brand. Id. The Court held that persuading a witness to craft a false statement with the intent to use it at trial constituted a corrupt endeavor to obstruct justice under §1503. Id.

Al-Arian argues that he did not "persuade" the witness to prepare a false affidavit. The witness prepared the affidavit voluntarily and believed its contents to be true. The Government contends that, even if the witness thought it was true, Al-Arian knew it was

---

[1] Near the time co-defendant made the false sworn statement, the prosecutor notified both defendants of evidence from a government informant which directly contradicted co-defendant's sworn statement. Id. at 1572-73.

false. Further, the Government argues that in obtaining the affidavit Al-Arian had the corrupt intent to obstruct justice.

A corrupt purpose may convert otherwise lawful conduct into obstruction of justice. United States v. Cueto, 151 F.3d 620, 631 (7th Cir. 1998). A defendant's intent at the time of the alleged obstruction may indicate a corrupt endeavor under §1503 even though the act is otherwise legal. Id. In Cueto, the defendant was an attorney with a financial interest in an illegal gambling enterprise. Id. at 627. During a federal investigation of the enterprise, the attorney filed numerous legal actions to protect it. Id. These frivolous actions were intended only to delay or derail both the investigation and the grand jury proceeding in which members of the gambling conspiracy were indicted. Id.

In concluding that the attorney was guilty of obstruction for filing these otherwise lawful pleadings, the Cueto court made a factual determination that he had a corrupt motive to protect his financial interests. Id. at 631. Moreover, the Court opined that the purpose of the omnibus clause was to prevent defendants from interfering with the due administration of justice even absent a violation of the statute's specific prohibitions. Id. at 630. Although the means employed by the attorney-defendant in Cueto were lawful, the Court determined they were employed with a corrupt motive and with the capacity to obstruct justice. Id. at 631. Thus, the Court concluded, the attorney's otherwise lawful act of filing pleadings constituted an endeavor under §1503 because it was done corruptly and had the capacity to impede the due administration of justice. Id.

## II. Application

The Government seeks to show that Al-Arian obstructed justice under the omnibus clause of 18 U.S.C. §1503 both by his procuring a false affidavit from Abu-Amr and by causing it to be submitted in his defense at his detention hearing in this case. (Dkt. #1329 at 3-4).

The Government specifically alleges that when Abu-Amr refused Al-Arian's request to testify at Al-Najjar's hearing, Al-Arian solicited the affidavit and attempted to dictate its contents. In Brand, the Eleventh Circuit held that defendants who did not prevent a witness from testifying, did not attempt to bribe or threaten the witness, and did not influence the witness's resultant affidavit or testimony, were not guilty of obstruction. Brand, 775 F.2d at 1470. Although in this case Al-Arian arguably took similar steps to ensure that Abu-Amr was free to testify or sign an affidavit he believed to be true, his actions are distinguishable from those of the Brand defendants. According to the Government, unlike the final affidavit produced in Brand, Abu-Amr's affidavit was objectively false, and Al-Arian knew of its falsity. While requesting a statement the defendant believes to be true is not obstruction, a request for a statement known to be false constitutes a corrupt endeavor if it is intended to be used to impede the due administration of justice. Id. at 1469.

Again, Al-Arian argues that he acted lawfully in presenting the affidavit because he did not "persuade" Abu-Amr to prepare a false affidavit. Rather, Abu-Amr prepared the affidavit voluntarily and believed its contents to be true.

Abu-Amr's belief in the truthfulness of the affidavit may shield Abu-Amr from a perjury charge, but it does not impute the same immunity to Al-Arian's knowing submission of the same objectively false affidavit. While submitting an affidavit in his defense at the detention hearing might be otherwise lawful conduct, the Government asserts that Al-Arian had a corrupt motive that raised his action to the level of obstruction. See Cueto, 141 F.3d at 631. Al-Arian's intent was for the Court to believe that there were no Palestinian Islamic Jihad (PIJ) members in the United States, including Al-Arian himself, and to thus release him on bond. This intent converted Al-Arian's otherwise arguably lawful act into a corrupt endeavor under §1503.

The Government alleges that Al-Arian's corrupt endeavor in procuring and submitting the affidavit had the natural and probable consequence of impeding or influencing the due administration of justice. See Silverman, 745 F.2d at 1393. The Government argues that Al-Arian procured the false affidavit in anticipation of litigation. While his original intent in procuring the affidavit was to present it during Al-Najjar's immigration proceeding, ultimately Al-Arian also chose to use it in his own detention hearing. In either case, the affidavit was designed to be presented as evidence in an administrative or judicial proceeding with the express purpose of convincing the Court to release a detained individual in the belief that he was not associated with the PIJ in the United States. This use of the affidavit clearly had the capacity to influence the proceeding. The Court's consideration of false exculpatory evidence could have altered the Court's evaluation of Al-Najjar's and/or Al-Arian's detention status. That the affidavit failed to alter the Court's decision as to Al-

Arian and Al-Najjar's detention is no defense against obstruction. It is well settled that the due administration of justice need not actually have been obstructed in order to satisfy the statutory requirement. Id. at 1395.

Al-Arian's argument that the affidavit was immaterial to his detention hearing also holds little merit. Al-Arian asserts that because the affidavit was written three years prior to the date it was submitted on his behalf, the affidavit is not credible. (Dkt. #1328 at 9). However, Al-Arian offers no explanation for submitting an affidavit he claims was so obviously lacking credibility. Notwithstanding Al-Arian's assertions, the affidavit appeared credible to the Court at the time it was submitted. Thus, the Court concludes that a fact finder could decide that the affidavit had the capacity to materially alter the Court's decision whether or not to detain Al-Arian.

In conclusion, the Court finds that the Government has alleged sufficient facts to establish a *prima facie* case against Al-Arian to support the charge of obstruction of justice under the omnibus clause of 18 U.S.C. §1503. Whether the Government has set forth sufficient proof of same is a question of fact for the jury.

It is therefore **ORDERED** and **ADJUDGED** that Defendant's Motion for Judgment of Acquittal on Count Fifty-Three (**Dkt. #1328**) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 8, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record